IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

JOSE LUIS SAAVEDRA FLORES,       §
                                 §
          Petitioner,            §
                                 §
v.                               §   Civil Action No. 4:17-CV-556-Y
                                 §
LORIE DAVIS, Director,           §
Texas Department of Criminal     §
Justice, Correctional            §
Institutions Division,           §
                                 §
          Respondent.            §

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner Jose Luis Saavedra Flores, a state prisoner, against Lorie Davis, director of the Texas Department of Criminal Justice, Correctional Institutions Division, Respondent. After having considered the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be denied.

**I. FACTUAL AND PROCEDURAL HISTORY**

In May 2015 Petitioner was charged in Criminal District Court Number One, Tarrant County, Texas, Case No. 1406819D CR12297, in a three-count indictment with one count of continuous sexual abuse of a child under 14 years of age (count one); one count of aggravated sexual assault of a child under 14 years of age (count two); and

one count of indecency with a child (count three). (SHR[1] 188, doc. 14-2.) On February 1, 2016, pursuant to a plea agreement, the state waived counts one and three; Petitioner waived a jury trial and entered a guilty plea to count two; and the trial court assessed his punishment at 40 years' confinement. (Id. at 190-95.) Petitioner did not appeal his conviction. (Pet. 3, doc. 3.) On December 22, 2016, Petitioner filed a state habeas-corpus application attacking his conviction, which was denied by the Texas Court of Criminal Appeals without written order on the findings of the trial court. (Id. at 20 & Action Taken, doc. 14-1.) This federal habeas petition followed.

## II. ISSUES

Petitioner raises the following grounds for habeas relief:

(1) He was denied access to the courts;

(2) His plea was involuntary and unknowing;

(3) He received ineffective assistance of trial counsel; and

(4) Counsel's cumulative errors led to him "pleading out to avoid a continuous sentence that translated to Petitioner remaining in prison for the rest of his life."

(Pet. at 6-7, doc. 3.)

---

[1]"SHR" refers to the record of Petitioner's state habeas proceeding in WR-86,965-01.

### III. RULE 5 STATEMENT

Respondent believes that Petitioner has exhausted his state-court remedies as to the claims raised, save for one of his ineffective-assistance-of-counsel claims under his third ground, and that the petition is neither successive nor barred by the federal statute of limitations. (Resp't's Ans. 4, doc. 12.)

### IV. DISCUSSION

A § 2254 habeas petition is governed by the heightened standard of review provided for in the Anti-Terrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2254. Under the Act, a writ of habeas corpus should be granted only if a state court arrives at a decision that is contrary to or an unreasonable application of clearly established federal law as established by the Supreme Court or that is based on an unreasonable determination of the facts in light of the record before the state court. 28 U.S.C. § 2254(d)(1)-(2); *Harrington v. Richter,* 562 U.S. 86, 100 (2011). This standard is difficult to meet but "stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings." *Harrington*, 562 U.S. at 102.

Additionally, the statute requires that federal courts give great deference to a state court's factual findings. *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). Section 2254(e)(1) provides that a determination of a factual issue made by a state

court shall be presumed to be correct. A petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); *Williams v. Taylor*, 529 U.S. 362, 399 (2000). Further, when the Texas Court of Criminal Appeals denies a federal claim in a state habeas-corpus application without written opinion, a federal court may presume "that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary" and applied the correct "clearly established federal law, as determined by the Supreme Court of the United States" unless there is evidence that an incorrect standard was applied, in making its decision. *Johnson v. Williams*, 568 U.S. 289, 298 (2013); *Harrington*, 562 U.S. at 99;1 *Schaetzle v. Cockrell*, 343 F.3d 440, 444 (5th Cir. 2004).

**A. Access to the Courts**

Under his first ground, Petitioner claims that he was denied access to the courts because he was denied the purchase of his trial transcripts and other relevant documents pertaining to his case for purposes of preparing a collateral attack on his guilty plea. (Pet. 6, doc. 3; Pet't's Resp. 2, doc. 17.) Prisoners have a fundamental constitutional right to "adequate, effective, and meaningful" access to the courts. *Bounds v. Smith,* 430 U.S. 817, 822 (1977); *Johnson v. Rodriguez,* 110 F.3d 299, 310 (5th Cir.), *cert. denied,* 522 U.S. 995 (1997). However, the right of access is

4

not unlimited. "[I]t encompasses only 'a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement.'" *Johnson,* 110 F.3d at 310-11 (quoting *Lewis v. Casey,* 518 U.S. 343, 356 (1996)). In order to establish a claim for denial of access to the courts, a prisoner must demonstrate that he suffered "actual injury." *Lueck v. Wathen,* 262 F. Supp. 2d 690, 694 (N.D.Tex. 2003). This, in turn, requires proof that the denial of access "hindered his efforts to pursue a legal claim." *Id.* (quoting *Lewis,* 518 U.S. at 351).

The state courts found that the Tarrant County District Clerk's Office allowed Petitioner's family to purchase documents, and Petitioner acknowledges that some of the records were, in fact, made available to him. (SHR 104, ECF No. 14-2; Pet'r's Mem. 6, doc. 4.) Further, pursuant to Rule 5 of the Rules Governing Section 2254 Cases, Respondent has filed the clerk's record of the post-conviction state habeas proceeding with this Court. Petitioner does not identify other transcripts or records that exist and that he was allegedly denied nor does he explain how the absence of those transcripts or records prevented him from pursuing a nonfrivolous claim in the state courts or in this Court. This claim does not entitle Petitioner to federal habeas relief.

### B. Involuntary and Unknowing Guilty Plea

Under his second ground, Petitioner claims that his guilty plea was involuntary and unknowing because it was entered on his

trial counsel's advice when counsel was unfamiliar with the facts, unprepared for trial, and still in the "midst of various important investigations." (Pet. 6, doc. 3; Pet'r's Mem. 7-10, doc. 4.) In support of his claim, Petitioner directed the state courts' attention to his counsel's motion for continuance, filed one week before trial, requesting additional time to complete a thorough review of the victim's MHMR records that had just been received. He also alerted them to his requests for other counseling records of the victim, to interview witnesses whose locations and addresses were just discovered, to obtain a transcription of the forensic interview, and to have the notes of an interview with a licensed counselor transcribed. (SHR at 145-46, doc. 14-2.) Petitioner also directed the state courts' attention to a *Brady* disclosure received three days before trial, which allegedly required further investigation, and to his own post-trial requests to withdraw his plea. (Id. at 95, 147, 149-50.) He urges that because trial counsel advised him to plead guilty or "spend a lot of time in prison," he was left with no other choice but to plead guilty. (Pet'r's Reply 2, doc. 17.) He asserts that "[i]f he would have been admonished during the first plea offer he would of [sic] accepted that, but the trial counsel's admonishment came late. He had to accept such offer or go to trial without the assistance of his counsel, since he was not prepared." (Id.)

A guilty plea is knowing, voluntary and intelligent if done

6

with sufficient awareness of the relevant circumstances and likely consequences surrounding the plea. *Brady v. United States*, 397 U.S. 742, 748 (1970). If a challenged guilty plea is knowing, voluntary and intelligent, it will be upheld on federal habeas review. *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995). When reviewing a record, a court must give a signed, unambiguous plea agreement great evidentiary weight. *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir.), *cert. denied,* 513 U.S. 1064 (1994). Additionally, although a defendant's attestation of voluntariness at the time of the plea is not an absolute bar to later contrary contentions, it places a heavy burden upon him. *United States v. Diaz*, 733 F.2d 371, 373-74 (5th Cir. 1979). A defendant's solemn declarations in open court are presumed true, and a defendant generally may not recant sworn testimony made at a plea proceeding. *United States v. Fuller,* 769 F.2d 1095, 1099 (5th Cir. 1985).

Based on the documentary record and her own recollection of the plea proceedings, the state habeas judge entered the following factual findings relevant to the voluntary and knowing nature of Petitioner's plea:

> 7. [Petitioner] was properly admonished.
>
> 8. [Petitioner] acknowledged by his signature that he understood the written plea admonishments and that he had no questions.
>
> 9. [Petitioner] acknowledged by his signature that he was aware of the consequences of his plea.
>
> 10. [Petitioner] acknowledged by his signature that he

> was "totally satisfied" with counsel's representation.
>
> 11. [Petitioner] does not allege what about the plea process or the outcome of the conviction he was not properly advised.
>
> 12. [Petitioner] does not allege what "misadvice" counsel provided.
>
> 13. Counsel spent a considerable amount of time obtaining, reviewing, and filing information regarding the victim's medical, school, and psychological records.
>
> 14. An investigator was appointed and counsel subpoenaed several additional witnesses on [Petitioner]'s behalf.
>
> 15. Counsel had three additional witnesses sworn in to testify.
>
> 16. On February 23, 2016, [Petitioner] presented evidence to this Court that counsel advised him that the plea offer was the better deal because [Petitioner] would be convicted by a jury.
>
> 17. Counsel properly advised [Petitioner] to plead guilty after investigating the victim.
>
> 18. There is no evidence to overcome the presumption that his plea of guilty was regular.

(SHR 118-19, doc. 14-2 (record citations omitted).)

Based on those findings, which were later adopted by the Texas Court of Criminal Appeals, and relevant state law, the state habeas court entered the following legal conclusions:

> 7. There is a presumption of regularity with respect to guilty pleas under Texas Code of Criminal Procedure art. 1.15.
>
> 8. Before accepting a guilty plea, the court must admonish the defendant as to the consequences of his plea, including determining whether the plea is

8

freely, voluntarily, and knowingly given.

9. [Petitioner] was properly admonished.

10. When a defendant complains that his plea was not voluntary due to ineffective assistance of counsel, "the voluntariness of the plea depends on (1) whether counsel's advice was within the range of competence demanded of attorneys in criminal cases and if not, (2) whether there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."

11. [Petitioner] has failed to prove that he was not properly advised regarding the plea process.

12. Counsel properly investigated the case before [Petitioner] pled guilty.

13. [Petitioner] has failed to prove that counsel's advice fell below a range of competence demanded of attorneys in criminal cases.

14. [Petitioner] has failed to prove that he would not have pled guilty and would have insisted on going to trial but for the alleged misconduct.

15. [Petitioner] has failed to prove that his plea was involuntary due to ineffective assistance of counsel.

16. [Petitioner] has failed to overcome the presumption that his plea was regular.

17. [Petitioner]'s plea was freely, voluntarily, and knowingly made.

(Id. at 121-22 (citations omitted).)

Petitioner fails to present clear and convincing evidence in rebuttal. 28 U.S.C. § 2254(e)(1). Thus, this Court must apply the presumption of correctness to the state courts' findings on the issue. Having done so, Petitioner's claims that counsel was

9

unprepared for trial and/or gave him erroneous advice are groundless. Petitioner's conclusory assertions, after the fact, are insufficient to rebut the presumption that he received effective assistance of counsel and the presumption of regularity of the state-court records. *See Webster v. Estelle,* 505 F.2d 926, 929–30 (5th Cir. 1974) (holding state-court records "are entitled to a presumption of regularity"). Counsel's obligation is to inform a criminal defendant of the advantages and disadvantages of a plea agreement and the attendant statutory and constitutional rights that a guilty plea would forgo. *Libretti v. United States,* 516 U.S. 29, 50–51 (1995). Often a criminal defendant, even if he is unwilling or unable to admit his guilt, will agree to plead guilty to an offense, having been so informed by counsel, in order to avoid a potentially harsher sentence by a judge or jury. Such a decision on the part of a defendant does not render counsel's representation deficient or a plea involuntary. *See North Carolina v. Alford,* 400 U.S. 25, 37 (1970); *Brady,* 397 U.S. at 749–50.

**C. Ineffective Assistance of Counsel**

Because petitioner's guilty plea was intelligent, knowing, and voluntary, his claim under ground three that counsel was ineffective for failing to impeach the victim or to file a motion to suppress her statements is waived by the plea.[2] *See United*

---

[2] Because the claim that counsel was ineffective by failing to file a motion to suppress the victim's statements is waived, it is not necessary for the Court to address the issue of exhaustion. (Resp't's Answer 13-16, doc. 12.)

10

*States v. Glinsey,* 209 F.3d 386, 392 (5th Cir. 2000); *Smith v. Estelle,* 711 F.2d 677, 682 (5th Cir. 1983). Petitioner's cumulative-effect claim under ground four is likewise waived by the plea as he cites to no alleged misconduct by counsel after the plea was entered.

For the reasons discussed herein, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DENIED.

Further, a certificate of appealability will not be issued. Such a certificate may issue "only if the [Petitioner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Under this standard, when a district court denies habeas relief by rejecting constitutional claims on their merits, 'the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *McGowen v. Thaler,* 675 F.3d 482, 498 (5th Cir. 2012) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). Petitioner has not made a showing that reasonable jurists would question this Court's resolution of his constitutional claims. Therefore, a certificate of appealability should not issue.

SIGNED August 15, 2018.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE